# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

TESLA MOTORS, INC.; ELON MUSK,

*Petitioners - Appellees*,

v.

CRISTINA BALAN,

*Respondent - Appellant*.

On Appeal from the United States District Court
for the Northern District of California
No. 21-cv-9325, Honorable Haywood S. Gilliam, Jr.

## ANSWERING BRIEF OF APPELLEES
## TESLA, INC. & ELON MUSK

MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil
Roshni C. Kapoor
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  +1.415.442.1000
Facsimile:   +1.415.442.1001
michael.weil@morganlewis.com
roshni.kapoor@morganlewis.com

*Attorneys for Appellees*
*Tesla, Inc. & Elon Musk*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Tesla, Inc. files its corporate disclosure statement as follows.  Tesla, Inc. has no parent corporation.  No publicly held corporation owns 10% or more of the stock of Tesla, Inc.

Dated: July 19, 2024

Respectfully submitted,

*s/ Roshni C. Kapoor*

MORGAN, LEWIS & BOCKIUS LLP
Michael D. Weil
Roshni C. Kapoor
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone:  +1.415.442.1000
Facsimile:   +1.415.442.1001
michael.weil@morganlewis.com
roshni.kapoor@morganlewis.com

*Attorneys for Appellees*
*Tesla, Inc. & Elon Musk*

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................i

TABLE OF AUTHORITIES ...............................................................iv

INTRODUCTION ............................................................................1

STATEMENT OF JURISDICTION.....................................................2

STATEMENT OF ISSUES PRESENTED..............................................2

STATEMENT OF THE CASE.............................................................3

    I.    The District Court Compelled Arbitration of the Parties'
Dispute.............................................................................3

    II.   The Arbitration Proceeding and Award. ............................5

    III.  Tesla Returned to Federal Court to Confirm the Arbitration
Award. ............................................................................8

STANDARD OF REVIEW .............................................................10

SUMMARY OF ARGUMENT ........................................................11

ARGUMENT ...............................................................................14

    I.    The District Court Had Subject Matter Jurisdiction to Confirm
the Award. .....................................................................14

        A.    FAA Jurisdiction under *Vaden* (§ 4), *Badgerow* (§§ 9,
10), and *Smith* (§ 3)................................................14

        B.    Under FAA Section 3, the Court Had Jurisdiction to
Confirm the Award. ...............................................18

    II.   This Court Should Confirm the Award.  There is No Basis to
Vacate.............................................................................21

        A.    The Arbitrator Did Not Manifestly Disregard the Law by
Applying CCP § 340.................................................23

        B.    There Was No Agreement to Apply Washington Statute
of Limitations, Thus the Arbitrator Did Not Manifestly
Disregard the Law by Applying California Statute of
Limitations. ...........................................................27

C.    The Arbitrator Did Not Manifestly Disregard the Law By Holding that Tesla Did Not Waive Its Statute of Limitations Defense. ...............................................................31

CONCLUSION ...................................................................................35

FORM 17. STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT RULE 28-2.6 ...............................................................36

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS .............................37

# TABLE OF AUTHORITIES

**Page(s)**

C<small>ASES</small>

*Aguon-Schulte v. Guam Election Comm'n*,
  469 F.3d 1236 (9th Cir. 2006) ...............................................................10

*Applera Corp. v. MP Biomedicals, LLC*,
  173 Cal. App. 4th 769 ...........................................................................33

*Aramark Facility Servs. v. Serv. Emp's Int'l Union, Local 1877, AFL CIO*,
  530 F.3d 817 (9th Cir. 2008) ...............................................................11

*Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*,
  913 F.3d 1162 (9th Cir. 2019) ...............................................................11

*Badgerow v. Walters*,
  596 U.S. 1 (2022)...............................................................1, 14, 15, 16

*Biller v. Toyota Motor Corp.*,
  668 F.3d 655 (9th Cir. 2012) .......................................................23, 28

*Bosack v. Soward*,
  586 F.3d 1096 (9th Cir. 2009) ...............................................................23

*Carter v. Health Net of California, Inc.*,
  374 F.3d 830 (9th Cir. 2004) ...............................................................28

*City of Oakland*,
  95 Cal. App. 4th 29 (2002) ...................................................................27

*Collins v. D.R. Horton, Inc.*,
  505 F.3d 874 (9th Cir. 2007) ...........................................23, 25, 28, 31

*Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*,
  529 U.S. 193 (2000)...............................................................................20

*Garcia v. Salvation Army*,
  918 F.3d (9th Cir. 2019) ........................................................................33

iv

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008) ............................................................................ 14, 21

*HayDay Farms, Inc. v. FeeDx Holdings, Inc.*,
    55 F.4th 1232 (9th Cir. 2022) ....................................................... 11, 22, 25

*Hong Sang Market, Inc. v. Peng*,
    20 Cal. App. 5th 474 (2018) ....................................................................... 33

*In Re J.T. Thorpe, Inc.*,
    870 F.3d 1121 (9th Cir. 2017) .................................................................... 24

*Indep. Towers of Washington v. Washington*,
    350 F.3d 925 (9th Cir. 2003) ...................................................................... 24

*Knight v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    No. C-07-2753 SC, 2008 WL 11384154 (N.D. Cal. Mar. 26, 2008) ......... 26

*Kohn L. Grp., Inc. v. Jacobs*,
    825 F. App'x 465 (9th Cir. 2020) ............................................................... 23

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
    341 F.3d 987 (9th Cir. 2003) ...................................................................... 22

*Lagstein v. Certain Underwriters at Lloyd's, London*,
    607 F.3d 634 (9th Cir. 2010) ...................................................................... 28

*Ledo Fin. Corp. v. Summers*,
    122 F.3d 825 (9th Cir. 1997) ...................................................................... 34

*Liberty Mut. Ins. Co. v. Superior Ct.*,
    58 Cal. App. 4th 617 (1997) ....................................................................... 34

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*,
    173 Cal. App. 4th 1040 (2009) .............................................................. 26, 27

*Marine Transit Corp. v. Dreyfus*,
    284 U.S. 263 (1932) ................................................................................... 20

Page(s)

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ..............................................34

*Ramos v. City of Santa Clara*,
    35 Cal. App. 3d 93 (1973) ...................................................34

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006) ................................................3

*Rivera v. Anaya*,
    726 F.2d 564 (9th Cir. 1984) ..............................................34

*Smith v. Spizzirri*,
    601 U.S. 472 (2024).....................................................*passim*

*Tibble v. Edison Int'l*,
    843 F.3d 1187 (9th Cir. 2016) ............................................24

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
    971 F.2d 244 (9th Cir. 1992) ................................................3

*United States v. Park Place Assocs., Ltd.*,
    563 F.3d 907 (9th Cir. 2009) ........................................*passim*

*United States v. Peninsula Commc'ns, Inc.*,
    287 F.3d 832 (9th Cir. 2002) ..............................................10

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009).................................................14, 15, 16

*Visendi v. Bank of Am., N.A.*,
    733 F.3d 863 (9th Cir. 2013) ..............................................24

**STATUTES**

28 U.S.C.
    § 1291.......................................................................2
    § 1331....................................................................2, 15
    § 1332....................................................................3, 18

Cal. Code Civ. Proc.

§ 22 ........................................................................................................25, 26

§ 340 .........................................................................................................*passim*

§ 405 *et seq.* ......................................................................................................27

California Fair Employment and Housing Act (Cal. Gov. Code § 12900 *et seq.*) .............................................................................................................7

Federal Arbitration Act

§ 3 (9 U.S.C. § 3) .................................................................................*passim*

§ 4 (9 U.S.C. § 4) .................................................................................*passim*

§ 7 (9 U.S.C. § 7) ........................................................................................18

§ 9 (9 U.S.C. § 9) .................................................................................*passim*

§ 10 (9 U.S.C. § 10) ............................................................................*passim*

§ 13 (9 U.S.C. § 13) ......................................................................................8

## RULES

Fed. R. Evid. 201 .....................................................................................................3

# INTRODUCTION

The district court correctly confirmed the arbitration award dismissing Appellant Cristina Balan's time-barred defamation claims against Appellees Tesla, Inc. ("Tesla") and Elon Musk ("Musk").

Under recent precedents interpreting Section 9 of the Federal Arbitration Act ("FAA"), including *Badgerow v. Walters*, 596 U.S. 1, 4 (2022), Balan contends that the district court lacked diversity jurisdiction to review the award because the $0 award did not meet the $75,000 jurisdictional threshold. But this is not a Section 9 case. Balan ignores relevant procedural history that demonstrates federal jurisdiction was established under Section 3 of the FAA. The district court had diversity jurisdiction over the parties' dispute originally when Balan commenced her defamation lawsuit in federal court. The court compelled arbitration of the dispute by granting Tesla's application under Section 4 of the FAA. At the time, Tesla requested a stay of the lawsuit pending arbitration. As the Supreme Court's decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024) makes clear, a Section 3 stay pending arbitration permits the parties to return to the district court to confirm or vacate their award. That is precisely what the parties did here.

In the alternative, Balan argues that the award should be vacated because the Arbitrator manifestly disregarded the law by applying California's statute of limitations to her defamation claims. Balan does not come close to meeting the high

1

standard for vacatur that requires she establish that the Arbitrator recognized well-defined, clearly applicable law and then ignored it anyway. In fact, Balan does not establish any error of law whatsoever, much less a manifest disregard for it.

This Court should affirm the district court's order.

## STATEMENT OF JURISDICTION

Appellees do not dispute that Appellant filed a timely notice of appeal. This Court has jurisdiction under 28 U.S.C. § 1291 to hear the appeal of the district court's final decision confirming the arbitrator's award. But Appellant incorrectly disputes the district court's jurisdiction. As explained below, the district court had jurisdiction over the parties' dispute based on diversity jurisdiction. See 28 U.S.C. § 1331. The parties returned to federal court to confirm the arbitration award under Section 3 of the Federal Arbitration Act.

## STATEMENT OF ISSUES PRESENTED

1.      Did the federal district court have subject matter jurisdiction to confirm the arbitration award? Yes.

2.      Should the arbitration award be vacated for a "manifest disregard of the law" under 9 U.S.C. § 10? No.

## STATEMENT OF THE CASE

## I.     The District Court Compelled Arbitration of the Parties' Dispute.

On January 15, 2019, plaintiff-appellant Cristina Balan sued Tesla for defamation in the Western District of Washington (the "2019 Washington Lawsuit"). RJN-145–64 (No. 19-cv-67 (W.D. Wash.), Dkt. 1).[1] Balan alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeded $75,000 and the parties were completely diverse: Balan was a

---

[1] Citations to the "RJN" refer to the numbered pages the contemporaneously filed exhibits to the Request for Judicial Notice.

The Complaint and other related court filings can be considered by this Court. Open. Br. at 2 n.3. As explained below, the Complaint in Washington district court is a part of the relevant district court record here. Further, the unique procedural history and legal issues present in this appeal constitute good reason and exceptional circumstances for supplementing the record on appeal with relevant filings from the Washington district court case (and the case in the Northern District of California upon transfer). Further, Balan's earlier Request for Judicial Notice, and Appellees' response is moot as she has filed a superseding opening brief and excerpts of record to which the Request for Judicial notice was "connect[ed]." In any event, Appellees' response to the previously filed Request for Judicial Notice was for the limited purpose of identifying and reserving its arguments within the prescribed time limit, and did not constitute a waiver of Appellees' right to later supplement the record with their answering brief in accordance with Federal Rules of Appellate Procedure. Finally, it is undisputed that this Court may take judicial notice of matters in other court proceedings. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "several other pleadings, memoranda, expert reports, etc." from related litigation because they are "matters of public record"); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (permitting judicial notice of related court proceedings); Fed. R. Evid. 201(b) (permitting judicial notice of facts that are "not subject to reasonable dispute").

citizen of Washington, and Tesla was then a citizen of California.[2]  RJN-149–51 (No. 19-cv-67 (W.D. Wash.), Dkt. 1 at 5–7).

On April 18, 2019, Tesla filed a motion to compel the 2019 Washington Lawsuit to arbitration on the grounds that Balan's claim was subject to a mandatory arbitration agreement contained in her employment agreement with Tesla.  RJN-130–44 (No. 19-cv-67 (W.D. Wash.), Dkt. 17).  Tesla further requested that the court "either dismiss or stay this action."  RJN-131 (No. 19-cv-67 (W.D. Wash.), Dkt. 17, at 2).  ("Defendant . . . now requests that this Court order Plaintiff to arbitrate her claim as required by the Arbitration Agreement, and either dismiss or stay this action").

On June 27, 2019, the Western District of Washington granted in part and denied in part Tesla's motion to compel arbitration, splitting Balan's defamation claim by ordering that disputes concerning some of the allegedly defamatory statements were subject to arbitration while disputes about others were not.  RJN-128–29 (No. 19-cv-67 (W.D. Wash.), Dkt. 40, at 9–10).

On July 29, 2019, Tesla appealed the order partially denying its motion to compel arbitration.  RJN-117–18 (No. 19-cv-67 (W.D. Wash.), Dkt. 42).  This Court reversed on March 22, 2021, holding the entirety of Balan's defamation claim was arbitrable.  RJN-112–16 (No. 19-cv-67 (W.D. Wash.), Dkt. 70).

---

[2] Musk was not named as a party.

4

On April 22, 2021, based on the Ninth Circuit decision, the Western District of Washington entered an order that Balan's entire defamation claim was subject to arbitration and further "order[ed] this matter closed." RJN-110–11 (No. 19-cv-67 (W.D. Wash.), Dkt. 75).

## II.    The Arbitration Proceeding and Award.

In July 2019, after the June 2019 order partially compelling arbitration, Balan filed a demand for arbitration with JAMS in San Francisco.

On August 9, 2019, that arbitration commenced ("Arbitration"). ER-80. On September 3, 2019, the Honorable Richard J. McAdams (Ret.) was appointed as the Arbitrator. ER-100. On July 8, 2020, he stayed the arbitration pending Tesla's appeal to the Ninth Circuit. ER-110–11.

On May 24, 2021, after that appeal, Balan amended her arbitration demand to include the allegedly defamatory statements recently deemed arbitrable by the Ninth Circuit and to add Elon Musk as a party and assert a separate defamation claim against him based on an allegedly defamatory statement he made in August 2019. ER-115.

On August 29, 2021, the Arbitrator issued an order granting Tesla and Musk's motion to apply California law. ER-116; RJN-79–83 (No. 19-cv-67 (W.D. Wash.), Dkt. 84). The Arbitrator made three findings. First, he concluded that the issue of what substantive law would apply had not been previously decided. RJN-79–81

(No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 2–4). He recognized that this Court's appellate decision was limited to a determination of the law governing "the enforcement of the arbitration agreement and . . . the motion to compel arbitration." RJN-80 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 3). He also acknowledged that, while the parties, in the first arbitration management conference, had included a "standard inquiry into the applicable substantive law," the discussion "clearly left the issue of applicable law open." RJN-80–81 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 3–4) (citing management order no. 1 that "[i]nitially, the parties agree that the substantive law of Washington shall apply in this proceeding, but this may be subject to further consideration. Likewise, the applicable arbitration law shall be subject to further consideration.").

Second, the Arbitrator found that Tesla and Musk had not waived the issue of applicable law and were not estopped from arguing that California law applies. RJN-82–83 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 5–6). He found Tesla and Musk had "not intentionally relinquished or abandoned a known right," given that, after months of litigating the threshold issue of arbitrability in court, "the arbitration of the defamation claims (as amended as recently as May 24, 2021) had only just begun . . . when this dispute [about arbitrability] arose." RJN-82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 5).

Third, the Arbitrator found that California law should govern Balan's defamation claims "as the law of the state with the greatest relationship to the parties and the claims." RJN-81–82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 4–5). He held that numerous factors supported the application of California law:

(1)     Balan's employment agreements included "California choice- of-law provisions, with arbitration in San Francisco and multiple references to California," and her Non-Disclosure Agreement and two proprietary Information and Invention Agreements were also expressly governed by California law;

(2)     Balan was employed by Tesla in California throughout her employment, resided in California during her employment, and Tesla was also headquartered there;

(3)     Balan's defamation claims arose out of this California employment relationship, as held by the Ninth Circuit in determining that all of Balan's claims were arbitrable for that reason;

(4)     Balan based various arguments she had made in the federal courts on California law;

(5)     Balan litigated an earlier employment dispute against Tesla based on California's Labor Code and the California Fair Employment and Housing Act ("FEHA").

*See* RJN-81–82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 4–5). In contrast to California, Washington state's "only relationship" to the parties' dispute was that Balan filed her January 2019 complaint in that state, where she resided at the time of that filing. RJN-82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 5).

Shortly thereafter, Tesla and Musk filed in the arbitration a motion to dismiss the defamation claims based on California's one-year statute of limitations, as the allegedly defamatory statement by Tesla was made on September 11, 2017 (more than one year before Balan commenced suit), and the allegedly defamatory statement by Musk was made on August 7, 2019 (more than one year before Balan asserted her claim in the Amended Demand). *See* ER-114–16. On November 3, 2021, the Arbitrator granted this motion to dismiss and issued an award providing a complete victory to Tesla and Musk on each of Balan's claims. ER-114–20 ("Award").

## III. Tesla Returned to Federal Court to Confirm the Arbitration Award.

On December 20, 2021, Tesla and Musk filed a petition in the Northern District of California to confirm the Arbitrator's Award, under 9 U.S.C. § 9, and enter judgment against Balan pursuant to 9 U.S.C. § 13 ("Petition to Confirm"). ER-74–78.

The following month, on January 13, 2022, Balan filed an "Ex Parte Application for Administrative Relief and Approval to Re-Open Case" in the Western District of Washington. RJN-106–08 (No. 19-cv-67 (W.D. Wash.), Dkt. 78, at 1–3). On January 19, 2022, that court denied the ex parte application, adding that Balan was free to file any motion or application in accordance with applicable rules. RJN-104–05 (No. 19-cv-67 (W.D. Wash.), Dkt. 79).

Next, on February 22, 2022, Balan filed a motion in the Northern District of California to dismiss or transfer the Petition to Confirm to the Western District of Washington. ER-68–73.

On that same date, Balan filed a motion in the Western District of Washington to vacate the Arbitration Award ("Motion to Vacate"). ER-68–73, 131; RJN-84–103 (No. 19-cv-67 (W.D. Wash.), Dkt. 83). In her reply in support, Balan contended that the Washington court was the "proper venue" to "confirm the award" because the court "already [had] jurisdiction over the case." SER-3–4 (No. 21-cv-9325, (N.D. Cal.), Dkt. 36, at 1–2).

On March 10, 2022, Tesla moved to dismiss (or transfer to California) Balan's Washington Motion to Vacate. RJN-62–78 (No. 19-cv-67 (W.D. Wash.), Dkt. 87). The Washington court granted that motion on June 16, 2022, transferring Balan's Motion to Vacate to the Northern District of California under the first-filed rule. RJN-5–13 (No. 19-cv-67 (W.D. Wash.), Dkt. 102) (Washington court recognized it had "closed the case" after referring the matter to arbitration and thus, the Petition to Confirm was first-filed as compared with Balan's Motion to Vacate).

On July 1, 2022, the entire Washington matter was transferred to the Northern District of California. ER-129; RJN-4 (No. 19-cv-67 (W.D. Wash.), Dkt. 103). On July 25, 2022, Judge Gilliam, the transferee judge, ordered the transferred case

related to the already pending case concerning the Petition to Confirm the arbitrator's award. RJN-2 (No. 22-cv-3890 (N.D. Cal.), Dkt. 105).

On July 26, 2022, Judge Gilliam denied Balan's motion to dismiss or transfer the Petition to Confirm the award. ER-46, 129. On September 26, 2022, the court granted the Petition to Confirm. ER-4–5, 129. Balan filed a timely notice of appeal on October 21, 2022. ER-125–27.

On October 3, 2022, Judge Gilliam also denied Balan's Motion to Vacate, transferred from the Western District of Washington, as moot because the court had already "addressed the arguments Plaintiff raised in her Motion to Vacate Arbitration Award" in its September 26, 2022 order granting the Petition to Confirm. RJN-1 (No. 22-cv-3890 (N.D. Cal.), Dkt. 110).

## STANDARD OF REVIEW

Whether subject matter jurisdiction exists is reviewed de novo. *United States v. Peninsula Commc'ns, Inc.*, 287 F.3d 832, 836 (9th Cir. 2002). However, "[a] district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error." *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1239 (9th Cir. 2006).

The appellate court's review of the district court's confirmation or vacatur of an arbitration award is reviewed as "any other . . . decision finding an agreement between" the parties: "accepting findings of fact that are not 'clearly erroneous' but

deciding questions of law de novo." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (internal citation omitted); *see also Aramark Facility Servs. v. Serv. Emp's Int'l Union, Local 1877, AFL CIO*, 530 F.3d 817, 822 (9th Cir. 2008) (applying de novo review for legal rulings and clear error for findings of fact). At the district court, review of confirmation of an arbitration award is "extremely limited" and "highly deferential." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) (internal quotation marks omitted); *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 920 (9th Cir. 2009). The grounds for vacatur are limited to those in Section 10 of the FAA.

## SUMMARY OF ARGUMENT

Under Section 3 of the Federal Arbitration Act, the parties properly returned to federal court for, and the court had subject matter jurisdiction to hear, Tesla and Musk's petition to confirm the Arbitration Award. It is undisputed that the district court had diversity jurisdiction to hear the parties' dispute when Balan initially filed her complaint in federal court. When the district court subsequently compelled arbitration of the action pursuant to Section 4 of the FAA, it was required to stay the lawsuit pending arbitration—as Tesla requested under Section 3—thereby allowing the parties to return to court to facilitate confirmation of the award. Balan's reliance on Section 9 to analyze the district court's subject matter jurisdiction is misplaced

because it fails to recognize the parties' prior federal court jurisdiction and entitlement to a Section 3 stay.

This Court also should affirm the district court's confirmation of the parties' Arbitration Award. Balan does not present any evidence of an error in law, let alone a manifest disregard of the law under 9 U.S.C. § 10(a), in the Arbitrator's decision to apply California's statute of limitations to Balan's defamation claims. A manifest disregard of law requires evidence that the Arbitrator recognized well-defined, clearly applicable law and then ignored it anyway. Balan fails to present any such evidence. First, she argues that California Code of Civil Procedure § 340(c), which sets forth the one-year statute of limitations for defamation, cannot apply in not arbitration. This Court cannot consider Balan's argument because she failed to present it to the district court. But even if this Court were to consider the issue for the first time on appeal, Balan's argument fails because she cannot show that the Arbitrator knew this law and ignored it. In fact, she cannot even establish that her interpretation of the law is correct. She does not offer a single legal authority holding that the Code of Civil Procedure does not apply in arbitration, but at least one district court has rejected the same argument she makes here.

Second, Balan contends that the Arbitrator manifestly disregarded the law by applying California law because the parties purportedly agreed to apply Washington law. This is simply a mischaracterization of the record. Balan has zero evidence

that Tesla or Musk ever agreed to apply Washington statute of limitations.  Instead, she misleadingly points to the consensus that Washington law applied for the purpose of reviewing arbitrability in the motion to compel arbitration, and a preliminary discussion in arbitration that noted the possible application of Washington law but also expressly left the issue open.  Once again, Balan does not, and cannot, show evidence of a manifest disregard of law.  The evidence establishes that the Arbitrator (correctly) found that there was no agreement to apply Washington statute of limitations.  Even if the Arbitrator made an error of fact regarding a purported agreement, errors of fact are not grounds for vacatur.

Third, Balan argues that Tesla waived its statute of limitations defense by failing to raise it earlier.  Here too, Balan falls far short of establishing evidence that the Arbitrator recognized clearly applicable law regarding waiver and ignored it.  The Arbitrator concluded, based on applicable law, that Tesla had not waived the defense.  Likewise, Musk had timely asserted the defense (Balan does not contend otherwise).  Balan does not offer any legal precedent that required a finding of waiver—in other words, she fails to demonstrate that the Arbitrator erred in his application of the law, let alone exhibited a manifest disregard for the law.

## ARGUMENT

### I. The District Court Had Subject Matter Jurisdiction to Confirm the Award.

Balan contends that the district court lacked subject matter jurisdiction based on the Supreme Court's *Badgerow* decision and this Circuit's pre-*Badgerow* precedent applying Section 9 of the FAA. But this is not a Section 9 case. Here, the parties first appeared in federal court when Balan filed in federal court based on diversity jurisdiction. Tesla subsequently moved to compel arbitration and stay the suit under Sections 3 and 4 of the FAA. Following arbitration, the parties returned to federal court to confirm or vacate their Arbitration Award, as permissible under Section 3. *Badgerow* and its contours for subject matter jurisdiction under Section 9 do not apply. When the procedural context of this case properly is considered, the existence of federal jurisdiction is apparent and should be affirmed.

### A. FAA Jurisdiction under *Vaden* (§ 4), *Badgerow* (§§ 9, 10), and *Smith* (§ 3).

A review of the Supreme Court's interpretation of jurisdiction under the FAA is instructive because the FAA is "something of an anomaly in the field of federal-court jurisdiction" in that it "bestow[s] no federal jurisdiction" but rather "requires" that parties seeking relief under the FAA establish "an independent jurisdictional basis" for a federal court's jurisdiction. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In *Vaden*, the Supreme Court analyzed jurisdiction under Section 4 of the FAA, which authorizes petitions to compel arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 52–53 (2009). An affiliate of Discover Bank ("Discover") filed suit in Maryland state court, under state contract law, to recover past-due charges from a credit cardholder, Betty Vaden. *Id.* at 53-54. When Vaden filed a counterclaim alleging the bank's fees violated state law, Discover invoked its arbitration agreement with Vaden and filed a motion to compel arbitration in federal court. Discover alleged the district court had subject matter jurisdiction under federal-question jurisdiction, 28 U.S.C. § 1331, because Vaden's counterclaims were preempted by federal law. Interpreting Section 4, the Supreme Court held that a federal court may "look through" a petition to compel arbitration, to the underlying dispute, to determine whether the court has jurisdiction over the petition. *Id.* at 62. Nonetheless, the Supreme Court reversed and remanded because of the "established rule that federal-court jurisdiction cannot be invoked on the basis of a defense or counterclaim" alone, where the whole controversy between the parties does not qualify for federal court adjudication. *Id.* at 54.

In *Badgerow*, the Supreme Court analyzed Sections 9 and 10 of the FAA, which permit parties to ask a court to confirm or vacate an arbitration award. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). *Badgerow* arose from a wrongful termination employment dispute that Denise Badgerow filed against her employer's

principles (collectively, "Walters") in arbitration.  *Id.* at 5.  After the arbitrators dismissed Badgerow's claims, Badgerow sought to vacate the award in state court. *Id.*  Walters removed the case to federal court and petitioned to confirm the award, but Badgerow sought remand, arguing the federal court lacked jurisdiction over the parties' requests under Sections 9 and 10.  *Id.* at 5–6.  Applying Section 4's analysis in *Vaden*, the district court determined it had jurisdiction using the look-through approach, and the Fifth Circuit affirmed.  *Id.* at 6–7.  The Supreme Court decided against extending *Vaden*'s "look through" approach to Sections 9 and 10.  *Id.* at 10-11.  The Court carefully noted that Sections 9 and 10 did not contain the statutory language on which *Vaden* relied, namely, the language that authorized a party to file a petition to compel arbitration in a "United States district court which, save for [the arbitration] agreement, would have jurisdiction" over the controversy.  *Id.*  The Court recognized that *Vaden*'s "look-through rule is a highly unusual one:  It locates jurisdiction not in the action actually before the court, but in another controversy neither there nor ever meant to be."  *Id.* at 12.  Because Sections 9 and 10 did not contain the same "save for" clause that exists in Section 4, the Supreme Court found it could not reach the same result as in *Vaden*.  *Id.* at 11-12.  As such, federal court jurisdiction—through federal law (beyond Section 9 or 10 itself) or diversity jurisdiction—must exist on "the face of the application itself" in an application to confirm or vacate an arbitral award.  *Id.* at 9.

Most recently, the Supreme Court recently addressed Section 3 of the FAA, which governs stays in federal court proceedings during the pendency of arbitration. *Smith v. Spizzirri*, 601 U.S. 472 (2024); 9 U.S.C. § 3 (requiring that if any issue in a lawsuit is "referable to arbitration" by agreement, the "court in which such suit is pending . . . shall on application . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). In *Smith*, former delivery drivers sued their delivery service operator in state court, alleging violations of state and federal employment law. *Smith*, 601 U.S. at 474. The delivery service operators removed the case to federal court and moved to compel arbitration and stay or dismiss the suit under 9 U.S.C. § 3. The district court, adhering to Ninth Circuit precedent, exercised its "discretion" to dismiss the action, and the Ninth Circuit affirmed. *Id.* The Supreme Court reversed, holding that the "shall" statutory language of Section 3 is mandatory, so when "a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the case and, instead, must stay the case. *Id.*

*Smith* recognized that a stay under Section 3 "ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute;" whereas when the court dismisses the suit, "[t]hat return ticket is not available." *Id.* at 477. The Supreme Court further reasoned that the FAA's "structure and purpose" support the same conclusion. *Id.* "[S]taying rather than dismissing a suit comports

17

with the supervisory role that the FAA envisions for the courts," in that the "FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example," enforcing subpoenas for evidence under Section 7 and "facilitating recovery on an arbitrable award" under Section 9. *Id.* at 478 (adding that "[k]eeping the suit on the court's docket makes good sense in light of this potential ongoing role").

### B. Under FAA Section 3, the Court Had Jurisdiction to Confirm the Award.

The district court here had jurisdiction to confirm the Arbitration Award under Section 3 of the FAA, which permits parties to return to a federal court that referred a dispute to arbitration to confirm an award obtained in that arbitration. 9 U.S.C. § 3; *Smith*, 601 U.S. at 474.

Here, the district court had subject matter jurisdiction of the parties' dispute when Balan filed her defamation claim in the Western District of Washington alleging § 1332 diversity jurisdiction. Tesla subsequently moved to compel arbitration pursuant to 9 U.S.C. § 4. In its motion, Tesla also requested that the court stay or dismiss the action pursuant to 9 U.S.C. § 3. RJN-131, 135–38 (No. 19-cv-67 (W.D. Wash.), Dkt. 17, at 2, 6–9). The district court chose to dismiss the action. RJN-13 (No. 19-cv-67 (W.D. Wash.), Dkt. 102, at 9). But because section 3 of the FAA mandates that a court "shall" stay a suit pending arbitration upon the party's request, the court should have stayed the suit, allowing the parties to return to

confirm the award. 9 U.S.C. § 3 (requiring that when in a lawsuit "any issue referable to arbitration" by an arbitration agreement, the "court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"); *Smith*, 601 U.S. at 477–78 (recognizing that a stay provides parties a "return ticket" to federal court to allow court to perform the "supervisory role that the FAA envisions," such as "facilitating recovery on an arbitrable award" under Section 9).

After the Western District of Washington failed to stay Balan's lawsuit pending arbitration, Tesla and Musk made their application to confirm the Arbitration Award in "the district within which such award was made," that is, the Northern District of California. 9 U.S.C. § 9; *see also* ER-74–78 (arbitration held in San Francisco). Although the venue changed—a function of the Western District of Washington's failure to stay the case as required by the FAA—the proceeding was a continuation of the same dispute over which the federal court had jurisdiction, and, under FAA's Section 3, the parties were entitled to their "return ticket" to confirm their award. *Smith*, 601 U.S. at 477–78 (holding court does not have discretion to dismiss lawsuit when a stay is requested, and a stay provides a "return ticket" to federal court to confirm award under Section 9).

Balan's arguments concerning jurisdiction under Section 9 and the "look-through" doctrine are misplaced because Balan fails to address the procedural

posture of this case and the applicability of Section 3. Balan's Section 9 analysis concerns cases in which the parties are establishing original jurisdiction in a federal court—not returning to federal court having already established jurisdiction, as the parties did here. *See* RJN-145–64 (No. 19-cv-67 (W.D. Wash.), Dkt. 1). While the dispute in the Western District of Washington ultimately was transferred to the Northern District of California (because the Washington court failed to stay the case), the bottom line is that the court had jurisdiction over the dispute, referred to arbitration, and thus retained authority to confirm the award. Accordingly, this case is properly analyzed under Section 3, not Section 9, of the FAA. *Smith*, 601 U.S. at 474–78 (holding court must stay a case  a stay is requested, and after arbitration is completed, the court may facilitate recovery of an award under Section 9); *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 201–02 (2000) (holding the venue provision of Section 9 is permissive and that "the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award," even if held outside the district) (citing *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–76 (1932) ("We do not conceive it to be open to question that, where the court has authority under the statute . . . to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, ultra vires or other defect.")).

**II. This Court Should Confirm the Award. There is No Basis to Vacate.**

Balan argues that this Court should vacate the Award because the arbitrator manifestly disregarded the law. Open. Br. at 22. Her argument fails because, as the district court held, she does not "come close to meeting the high standard required . . . to decline to confirm an arbitration award." ER-5.

Vacatur is permitted in the following four circumstances:

(1) where the award was procured by corruption, fraud or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

A court's "review of the award" is "both limited and highly deferential." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 920 (9th Cir. 2009). The grounds for vacatur are limited by design, preventing "full-bore legal and evidentiary appeals" that would undermine the benefits of arbitration and render it "merely a prelude to a more cumbersome and time-consuming judicial review process." *Hall*

*St. Assocs.*, 552 U.S. at 588 (holding neither courts nor parties are authorized to expand judicial review beyond enumerated statutory grounds). *See also, e.g.*, *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) (holding the FAA "afford[s] an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures").

Balan argues specifically that the Arbitrator engaged in a "[m]anifest disregard of the law." Open. Br. at 22–24. Balan interprets "manifest disregard" to encompass all of the vacatur grounds under 9 U.S.C. §10(a) and anything that is "completely irrational." *See* Open. Br. at 24. That is incorrect. Manifest disregard of the law is a ground for vacatur under Section 10(a)(4) and refers to when the arbitrator "exercise[s] powers that the parties did not intend them to possess or otherwise display[s] a manifest disregard for the law." *Kyocera Corp.*, 341 F.3d at 1002–03 (en banc). To constitute manifest disregard for the law, "it must be clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Park Place Assocs., Ltd.*, 563 F.3d at 920 (holding Section 10(a)(4) is "strictly interpreted"). In other words, showing that the arbitrator "merely interpret[ed] or appl[ied] the governing law incorrectly" is "insufficient" for vacatur. *Id.*; *see also, e.g.*, *HayDay Farms, Inc.*, 55 F.4th at 1240 (holding manifest disregard for the law is an extraordinarily "high standard" requiring more than "mere error in the law or

failure on the part of the arbitrators to understand and apply the law"); *Kohn L. Grp., Inc. v. Jacobs*, 825 F. App'x 465, 466 (9th Cir. 2020) ("Neither erroneous legal conclusions nor unsubstantiated factual findings by an arbitrator justify overturning an arbitral award under the FAA."); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 670 n.7 (9th Cir. 2012) (holding "even misstatements of law followed by erroneous application of the law do not provide grounds upon which a reviewing court may vacate" because manifest disregard requires "evidence that the Arbitrator knew the law but ignored it nonetheless"); *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (explaining "'[t]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it'"); *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879–80 (9th Cir. 2007) (recognizing that a manifest disregard for law requires"[t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable").

Balan contends the Arbitrator's application of California's statute of limitations to her claims was in error. But she does not present any evidence that the Arbitrator erred in his application of the law, much less any evidence of his manifest disregard of the law. That is because neither exist.

## A. The Arbitrator Did Not Manifestly Disregard the Law by Applying CCP § 340.

Balan contends, for the first time, that the Arbitrator manifestly disregarded the law by applying California Code of Civil Procedure ("CCP") § 340(c)—which

states that defamation claims have a one-year statute of limitations. According to Balan, Section 340(c) cannot be applied in arbitration. Open. Br. at 25–26.

The Court cannot consider this argument because Balan failed to raise it in the district court. *See* ER-22–45 (Balan's Opp. to Petition to Confirm); *see* RJN-50–61, 84–103 (No. 19-cv-67 (W.D. Wash.), Dkt. 97, 83) (Balan's briefing on Motion to Vacate Award). It is well-established that new arguments may not be raised for the first time on appeal. *See, e.g.*, *Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) ("[W]e do not entertain arguments on appeal that were not presented or developed before the district court." (citing *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013) (internal quotation marks omitted)).[3]

---

[3] Balan also contends that Appellees "falsely" stated to the Arbitrator that CCP § 340(c) applies and that she "reserves the argument" that such statement "constitute[s] undue means" under 9 U.S.C. § 10(a)(1). Open. Br. at 6 n.7. For this, Balan relies on an arbitration transcript that is not in the record but submitted in an earlier request for judicial notice. The transcript is judicially noticeable, for the reasons noted in Appellees' response (Dkt. No. 21) and the additional reason that the request for judicial notice was filed in connection with an earlier opening brief and record and is now mooted. Further, even if the Court were to consider the transcript, the Court cannot consider Balan's "undue means" argument based on Balan's footnote seeking to "reserve[]" it. *See, e.g.*, *In Re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1124 (9th Cir. 2017) (A "vague" suggestion is "usually not enough to preserve an argument. '[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.'" (internal citation omitted)); *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("We 'review only issues which are argued specifically and distinctly in a party's opening brief.' Significantly, '[a] bare assertion of an issue does not preserve a claim.'" (internal citation omitted).)

24

Second, even if Balan's theory were correct—which it is not—she cannot show a manifest disregard of law. A manifest disregard of law requires that it ""be clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Park Place Assocs., Ltd.*, 563 F.3d at 920. Balan has no evidence that this was the case. Indeed, Balan does not even purport to meet this "high standard" for vacatur. *HayDay Farms, Inc.*, 55 F.4th at 1240 (holding "error in the law" is insufficient). She does not suggest that her characterization of the law—that CCP statute of limitations cannot be applied in arbitration—is "well defined, explicit, and clearly applicable" law, let alone that the Arbitrator "ignored" such well-established law. *Collins*, 505 F.3d at 879–80. Indeed, she does not cite any of these standards defining manifest disregard of the law. Open. Br. at 25–27. Rather, Balan argues only that the Arbitrator "applied the wrong law altogether." Open. Br. at 27. That is a far cry from satisfying the high standard for vacatur.

Third, in any event, Balan is wrong that California's defamation statute of limitations does not apply in arbitration. In other words, the Arbitrator could not have manifestly disregarded the law because he did not even err in applying the law. Balan posits that since CCP § 340 statute of limitations refers to the deadline to file an "action," which is defined by CCP § 22 as "an ordinary proceeding in a court of justice," the statute of limitations cannot be applied in arbitration. Not so. While Balan asserts that no district courts have reviewed an award where the claims were

dismissed under CCP § 340(c), at least one district court in this Circuit has rejected Balan's theory, holding that the argument that the "statute of limitations provided in the California Code of Civil Procedure cannot apply to any claims raised in arbitration" was "without any support." *Knight v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. C-07-2753 SC, 2008 WL 11384154, at *5 (N.D. Cal. Mar. 26, 2008), *aff'd sub nom. Knight v. Merrill Lynch, Pierce, Fenner & Smith*, 350 F. App'x 119 (9th Cir. 2009) (holding that the plaintiff had not demonstrated a manifest disregard of the law).

Indeed, Balan's reading of the law would lead to absurd results. To illustrate, Balan's claim against Tesla was time-barred by the one-year statute of limitations under CCP § 340(c) before she filed her federal court lawsuit. *See* ER-116 (defamation claim based on a September 11, 2017 statement, lawsuit filed four months late on January 15, 2019). If the CCP did not apply in arbitration as Balan posits, it would mean that although the district court could have held her claim was time-barred, her claim was unintentionally revived when the parties proceeded to arbitration because that statute of limitations essentially vanished. This is not only nonsensical; it also is contrary to the parties' arbitration agreement that requires application of "the law governing the claims and defenses pleaded." ER-123.[4]

---

[4] Balan's supporting authorities are easily distinguished as narrow applications of CCP § 22—none proposing, as Balan does here, that the CCP's statute of limitations cease to exist in arbitration. In *Manhattan Loft*, the court held that an "action" was

**B. There Was No Agreement to Apply Washington Statute of Limitations, Thus the Arbitrator Did Not Manifestly Disregard the Law by Applying California Statute of Limitations.[5]**

Balan contends that the arbitrator manifestly disregarded the law by applying California law after the parties "agreed" to apply Washington law. Open. Br. at 27–28. She is wrong for two reasons. First, even if there had been such a purported agreement (which there was not), there is zero evidence that the Arbitrator, in not adhering to such purported agreement, exhibited a manifest disregard of law. Second, in any event, the Arbitrator made no error of fact or law because the parties never agreed to apply Washington substantive law, i.e., Washington statute of limitations.

Even if the parties had agreed to apply Washington law—which they had not—any alleged error in giving effect to that agreement is not grounds for vacatur

---

not an arbitration proceeding under the CCP for the specific process of filing a "lis pendens," a type of public recording that is authorized to provide notice to the public that there is a pending lawsuit (i.e., not a pending arbitration) on real property. *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1053 (2009); Cal. Civ. Proc. Code § 405 *et seq.* In *City of Oakland*, the court held that the CCP's statute of limitations did not apply to the Public Employee's Retirement System ("PERS") Board because the California Legislature had created the applicable statute of limitations by statute governing PERS. 95 Cal. App. 4th 29, 50 (2002).

[5] Balan's argument that there was an agreement to apply Washington substantive law does not apply to her claim against Musk. Musk could not have "agreed" to apply Washington law because he was not a party to the lawsuit in the Washington court when Balan commenced suit, nor was he a party to the October 2019 initial conference in Arbitration, given he was added only by Balan's Amended Demand in 2021. Balan does not appear to contend otherwise. *See* Open Br. at 27–28 (alleging purported agreement only with Tesla).

because it does not constitute a manifest disregard of the law. If the Arbitrator misremembered or misunderstood a purported party agreement to apply Washington law as to the statute of limitations, that would amount to an error of fact, and "errors of fact do not generally constitute manifest disregard of federal law." *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 839 (9th Cir. 2004); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 669 (9th Cir. 2012) (confirming "manifest disregard of the facts alone is not an independent ground for vacatur in this circuit" (alterations omitted)).

Alternatively, if the Arbitrator's mistaken understanding of the parties' purported agreement were deemed an error of law, it nonetheless cannot support vacatur because it is "not enough to show that the [arbitrator] committed an error— or even a serious error." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010). Balan must show that the arbitrator knew of clearly applicable, well-defined law and intentionally disregarded it. *Collins*, 563 F.3d at 879–80; *see also Park Place Assocs., Ltd.*, 563 F.3d 920 (affirming lower court's denial of motion to vacate where United States argued arbitration panel applied the incorrect statute of limitations). She does nothing of the sort. She does not present any evidence that the Arbitrator was aware of an agreement to apply Washington law statute of limitations and ignored it.

Second, the Arbitrator did not commit any error—much less manifestly disregard the law—because the parties never agreed to apply Washington's statute of limitations to Balan's claims. Before the Arbitrator issued his August 29, 2021 order granting the motion to apply California law, there had been no consensus or prior rulings on the state law governing the substantive claims. ER-116–17 (Award); RJN-79–80 (No. 19-cv-67 (W.D. Wash.), Dkt. 84) (order applying California law). Balan offers two pieces of evidence of an "agreement" to apply Washington law, but she misleadingly overstates both. One, she cites the Washington district court's order partially granting Tesla's motion to compel arbitration stating that the "parties appear to agree that Washington law applies in this case, both relying exclusively on Federal and Washington law in their briefs." Open. Br. at 27. But as the court noted, the parties relied on Washington law only for "their briefs" on Tesla's motion to compel arbitration under Section 4 of the FAA; nothing more. RJN-123 (No. 19-cv-67 (W.D. Wash.), Dkt. 40, at 4) (stating that because the court "sits in diversity," thus applies "the arbitration "Agreement is therefore analyzed under Washington law"). The Arbitrator likewise recognized that the pre-arbitration litigation in Washington "focused only on the enforcement of the arbitration agreement," and all legal issues "were related to the motion to compel arbitration." ER-117; *see also* RJN-79–80 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 2–3) (same conclusion). In other words, the Arbitrator correctly concluded that no prior court rulings had been

made about which state's statute of limitations would apply to Balan's defamation claims.  ER-117; *see also* RJN-79–80 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 2–3).

Balan also cites the parties' discussion during their first arbitration conference as evidence of a purported agreement.  The Arbitrator summarized from the conference that "[i]nitially, the parties agree that the substantive law of Washington shall apply," but Balan omits the critical remainder of the quote: "but this may be *subject to further consideration*."  ER-118 (emphasis added); Open. Br. at 28.  In other words, the Arbitrator explicitly found that the "the issue of applicable law" was left "open" at that conference, contrary to Balan's assertion of any "agreement" to apply Washington law.  ER-118 (internal quotation marks omitted).[6]

Notably, Balan does not dispute the Arbitrator's legal analysis or the merits of his conclusion that California law governed her claims against Tesla and Musk for "numerous reasons," such as the choice-of-law provisions in her employment agreements, the nature of her claim, where she worked for Tesla, where she lived,

---

[6] Balan also cites her own "notes" from the first arbitration conference.  Open. Br. at 28 n.17 (citing ER-33, Balan's opposition to Petition to Confirm summarizing purported "contemporaneous notes").  The notes have never been submitted as evidence, and, in any event, they fail to establish grounds for vacatur for the reasons explained above.

and the threadbare connection her claim had to Washington.  RJN-81–82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 4–5); *see also* ER-115–116.

### C. The Arbitrator Did Not Manifestly Disregard the Law By Holding that Tesla Did Not Waive Its Statute of Limitations Defense.[7]

Balan contends that the Arbitrator's ruling that Tesla did not waive its statute of limitations defense amounts to manifest disregard of the law.  Open. Br. at 29.  To the contrary, the Arbitrator's conclusion that there was no waiver is consistent with the law, not in error nor in manifest disregard of it.  ER-117–18.  Tellingly, Balan does not cite any evidence that the Arbitrator knew of well-defined, explicit, and clearly applicable law and then ignored it.  *Collins*, 505 F.3d at 879–80.  In fact, Balan does not cite any law of waiver that contradicts the Arbitrator's conclusion. Open Br. at 29–31.

The Arbitrator correctly held that there was no waiver.  Tesla never expressly nor implicitly denied the application of California substantive law.  ER-116–117; RJN-83 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 6).  Tesla timely asserted its position about the statute of limitations at the first moment when "the law to be

---

[7] Balan's waiver argument does not apply to her claim against Musk.  Certainly, Musk never waived application of California law because he was not even a party to the arbitration at the time that Balan claims Tesla would have "waived" application of California law.  Musk included a statute of limitations defense in his very first appearance in the Arbitration by including it in his Answer to the Amended Demand. He could not have acted sooner.  Balan concedes as much as she only disputes Tesla's timeliness.  *See* Open. Br. at 29–31.

applied to the defamation claims bec[a]me front and center" in arbitration. RJN-82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 5). The parties had focused on "procedural questions related to the arbitrability of the claims" from January 15, 2019 (when Balan commenced her defamation claim) until May 18, 2021, and then, as they "beg[a]n to address the substantive defamation claims," Balan filed her Amended Demand on May 24, 2021. RJN-82 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 5); *see also* ER-116–118. Notably, in her Amended Demand, Balan added a claim against Musk for the first time, more than two years after she initially commenced suit. ER-115. Three days later, at the May 27 conference, Respondents gave notice of their position that California law applied. ER-115; RJN-80 (No. 19-cv-67 (W.D. Wash.), Dkt. 84, at 3). Respondents timely filed their Answer to the Amended Demand, expressly citing a statute of limitations defense and notifying Balan and the Arbitrator that they intended to move to dismiss Balan's claims as time-barred. ER-117.

The Arbitrator also had concluded, citing supporting authorities, that, because Balan had "cited no evidence of prejudice," her waiver argument was "not . . . meritorious." ER-117. Nor could she. Her claims were time-barred on the day she filed them. Her defamation claim against Tesla arose September 11, 2017 and was time-barred in September 2018, four months before she filed suit in January 2019; her defamation claim against Musk arose August 7, 2019 and was time-barred in

August 2020, nine months before she made the claim in her Amended Demand. ER-116.

Balan now vaguely asserts that she experienced "evidentiary prejudice" and "expectations-based prejudice" because of "wasted filings, labor and time." Open. Br. at 29–30. Even if she had asserted these prejudices to the Arbitrator—which she did not—she fails to meet the high standard for vacatur because she offers no evidence that the Arbitrator recognized any alleged law recognizing waiver of a defense based on "wasted filings, labor and time" (for her part, Balan cites no such law) and then ignored it. The law on waiver, as the Arbitrator recognized, is the opposite: that there is "no prejudice to a plaintiff" like Balan when facing an "affirmative defense [that] would have been dispositive if asserted when the action was filed." *Garcia v. Salvation Army*, 918 F.3d at 997, 1008–09 (9th Cir. 2019) (internal quotations and citations omitted); *see* ER-116–118 (rejecting waiver and prejudice arguments). Numerous courts have recognized a party's ability to present a defense at any time when there is no prejudice to the adverse party, as the Arbitrator found was the case here. *See, e.g.*, *Applera Corp. v. MP Biomedicals, LLC*, 173 Cal. App. 4th 769, 791 (finding no waiver where plaintiff failed to show prejudice because "application of the waiver . . . doctrine [] requires a showing of prejudice"); *Hong Sang Market, Inc. v. Peng*, 20 Cal. App. 5th 474, 488 (2018) (affirming trial court's decision to allow defendant to add a res judicata defense on eve of trial

because plaintiff could not show any prejudice once given opportunity to respond to defense in its trial brief); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Appellants may not demonstrate prejudice based solely on the untimely assertion of res judicata because this affirmative defense would have been dispositive if Kaiser asserted it when the action was filed"); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997) (rejecting argument that delay in asserting affirmative defense "amounted to an ambush" constituting waiver because plaintiff "point[ed] to no tangible way in which it was prejudiced"); *Ramos v. City of Santa Clara*, 35 Cal. App. 3d 93, 95–96 (1973) (affirming summary judgment for defendant based on defense raised for the first time on a motion for summary judgment); *Liberty Mut. Ins. Co. v. Superior Ct.*, 58 Cal. App. 4th 617, 624 (1997) ("A waiver is an intentional relinquishment of a known right"); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (holding "failure to raise the defense of the statute of limitations in his initial pleading does not preclude him from making a motion for summary judgment based on that defense").

For these reasons, the Arbitrator's conclusion that Tesla and Musk did not waive their right to assert California law is supported by law, not in error or manifest disregard of it.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's order

confirming the parties' Arbitration Award.

Dated: July 19, 2024     Respectfully submitted,

            *s/ Roshni C. Kapoor*

            MORGAN, LEWIS & BOCKIUS LLP
            Michael D. Weil
            Roshni C. Kapoor
            One Market, Spear Street Tower
            San Francisco, CA 94105-1596
            Telephone:  +1.415.442.1000
            Facsimile:   +1.415.442.1001
            michael.weil@morganlewis.com
            roshni.kapoor@morganlewis.com

            *Attorneys for Appellees*
            *Tesla, Inc. & Elon Musk*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

## FORM 17. STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT RULE 28-2.6

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number** 22-16623

The undersigned attorney or self-represented party states the following:

[x]  I am unaware of any related cases currently pending in this court.

[  ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[  ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** *s/ Roshni C. Kapoor*                    **Date** July 19, 2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 17**                                                                         *New 12/01/18*

36

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

## <u>FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS</u>

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number** 22-16623

     I am the attorney or self-represented party.

     **This brief contains <u>8,580</u> words,** including <u>zero</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

     I certify that this brief *(select only one)*:

[x] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** *s/ Roshni C. Kapoor*      **Date** July 19, 2024
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                        *Rev. 12/01/22*

37